OLIM v. THE CHICAGO, MILWAUKEE & ST. PAUL R'Y CO.

1. **Writ of Error to Justice's Court:** RULE TO AMEND RETURN DE-
NIED. Under the peculiar facts of this case (see opinion) it was *held*
that the return of the justice of the peace to the writ of error in question
was sufficiently responsive to the facts alleged in the affidavit of defend-
ant for the writ, or, at least, that there was no defect in the return of
which the defendant could complain, and that defendant's motion for a
rule upon the justice to amend the return was properly overruled.

*Appeal from Jones Circuit Court.*

TUESDAY, JUNE 12.

THE defendant in this case appeals from the judgment of
the circuit court, dismissing a writ of error sued out for the
purpose of reviewing the action of a justice of the peace in
rendering judgment against the defendant for $21. The de-
fendant appeals. The material facts are stated in the opinion.

*Sheean & McCarn,* for appellant.

*W. M. Kilmer* and *J. W. Jamison,* for appellee.

DAY, CH. J.—On the twenty-seventh day of July, 1882,
the defendant filed an affidavit for a writ of error, in substance
stating that on the eighth day of July, 1882, an action wherein
August Olim was plaintiff, and the C., M. &. St. P. R'y Co.
was defendant, came on to be heard before John Riesdorph,
justice of the peace, and that at eight o'clock A. M., July 10,
1882, in default of an answer, judgment was rendered against
the defendant for $21 damages, and $6 costs. That on the
eleventh day of July, 1882, the defendant filed a motion to
set aside the default and judgment, which motion was over-
ruled. That the defendant is aggrieved by the following
errors and illegalities of the justice, to-wit:

"*First.* That the justice erred in refusing to continue the
cause on the application of the defendant's agent.

"*Second*. That on the eighth day of July, 1882, after the cause was called for trial, and after the justice had refused a continuance, and before any testimony was introduced on behalf of plaintiff, said justice and the attorney of plaintiff both stated in open court to the agent of defendant, that said justice would hold open said cause until said agent should have time to communicate with Carey, the general solicitor of defendant at Milwaukee, and receive instructions as to whether any and what defense the defendant would make. That defendant's agent immediately left the office of said justice, and telegraphed to the general solicitor, stating that the case was to be kept open until his answer should be received, and that, the next day being Sunday, the answer was not received until Monday, July 10, 1882, after judgment was rendered, and that the justice erred in deciding that reasonable time had elapsed on Monday morning, July 10th.

"*Third*. That affiant was the only person who represented the defendant before said justice on the eighth day of July, 1882, and was the agent upon whom notice of the writ was served, and that no person represented the defendant before said justice on the tenth day of July, 1882, at or before the time of the rendition of said judgment. Affiant had no doubt that said justice and attorney were acting in good faith, and that the case would stand in *statu quo*, without any attempt being made on the part of the plaintiff to introduce testimony until affiant should receive an answer from the general soilcitor of defendant, and have time thereafter to file an answer. That affiant remained at Oxford Junction during the entire day of July 8, 1882, and on that day, without the knowledge or assent of affiant, said justice permitted the plaintiff to introduce his testimony and submit his case for decision, well knowing that he (said justice) had assured affiant that no proceedings should be had to the prejudice of the defendant. Affiant remained in Oxford Junction until after the rendition of said judgment, and had no knowledge of the proceedings aforesaid until after the time said judgment was entered.

That the justice erred in permitting the plaintiff to proceed
with the trial of the case on July 8, 1882, and to then intro
duce his testimony and submit the case.

"*Fourth.* That the justice erred in permitting the plaint-
iff to proceed with the trial of the case, in violation of the
spirit, intent and meaning of the promise of said attorney in
open court, well knowing that affiant, relying upon said
promise, did not again appear before said justice until after
judgment.

"*Fifth.* That the justice erred in rendering judgment
against defendant in default of answer, well knowing affiant
delayed filing an answer or defending the case, relying on the
good faith of said promises, and therefore the defendant is
greatly injured and prejudiced.

"*Sixth.* That the justice erred in failing to notify affiant
that the trial would proceed, and judgment be rendered in
default of an answer, after assuring the affiant that the trial
of the case would be kept open until affiant could hear from
the general solicitor of defendant, well knowing such answer
had not been received when he entered said judgment.

"*Seventh.* That said justice erred in overruling the appli-
cation of the defendant for a new trial on the eleventh day
of July, 1882."

Upon this application, the clerk of the circuit court, on
the twenty-seventh day of July, 1882, issued to said justice
a writ of error. On the eighteenth day of September, 1882,
the said justice filed in the circuit court a return to said writ,
consisting of all the papers filed before the justice, and the
following copy of the entry upon his docket:

"Now, on this twenty-ninth day of June, 1882, said plaint-
iff claims of the defendant $25 and interest thereon     *     *
for labor in the month of May, 1882.   On twenty-ninth day
of June, I issued notice     *     *     .

"On this eighth day of July, 1882, at the hour of ten o'clock
A. M., at my office in said township, said cause is by me
called for hearing.   Plaintiff appears, and A. I. Jackson, agent,

appears for the defendant, and asks the court to hold open for him to telegraph what to do. Court held open a reasonable time, until eight o'clock, the tenth day of July, 1882, A. I. Jackson appearing, and confessed judgment to the amount of $11.35, said he had not heard from Carey, or Carey was out of town. And now on the eleventh (10th) day of July, 1882, I give and enter judgment that the plaintiff have and recover of the defendant the sum of twenty-one dollars ($21), and interest thereon from this date at 6 per cent, and cost herein taxed at six dollars ($6).

"John Riesdorph, J. P.

"And now, on the eleventh day of July, 1882, defendant filed motion to set aside judgment. Motion not allowed. Also affidavit of A. I. Jackson filed. Affidavit of W. M. Kilmer filed this twenty-fifth day of July, 1882. A supersedeas bond filed and approved this twenty-sixth day of July, 1882. * * * . John Riesdorph, J. P.

"I hereby certify this to be a true copy of my docket.

"John Riesdorph, J. P."

Thereupon the defendant filed a motion for a rule upon the justice to amend his return so as to advise the court as to the following facts:

"*First*. Whether the judgment rendered by him in court below was not on the tenth day of July, 1882, and not on the eleventh day of July, 1882, as stated in his return.

"*Second*, *Third* and *Fourth*. As to when it was plaintiff introduced his testimony, and whether the agent of the defendant or any person representing the defendant was then present. If so, who?

"*Fifth*. If A. I. Jackson confessed judgment for $11.35, state when it was, and whether the confession was oral or in writing, and whether he was sworn and made such confession under oath, and if in writing, that same be sent to this court as a part of the records of the case.

"*Sixth*. Whether the statements in sub-divisions second and third of the affidavit for writ of error in this case are true

in full or in part, and if in part only, then in what particulars they are true, and in what not true."

The court overruled the motion for rule on the justice to amend his return, and dismissed the writ of error, and ordered the cause remanded to the court below, to which ruling the defendant excepted. The amount in controversy being less than $100, the judge has certified the questions upon which it is desirable to have our opinion, as follows:

"*First*. Whether or not the return of the justice of the peace to the writ of error made a sufficient showing or answer to the alleged facts as set up in the affidavit for the writ of error, and was the rule on the justice as asked for properly overruled?

"*Second*. On the return of the justice of the peace to the writ of error, did the justice err in rendering judgment against the defendant?"

The appellee insists that this certificate is not sufficient, under the rules of the court, to present any question for our consideration. Without passing upon this objection, we prefer to consider the case upon its merits.

I. The question which naturally presents itself first for our consideration is embraced in the latter part of the first question submitted by the court, and is as follows: "Was the rule on the justice as asked for properly overruled?"

(a.) The justice was asked to certify whether the judgment was not rendered by him on the tenth day of July, instead of on the eleventh day of July, as stated in his return. It is apparent from the entire docket entry, and from the other papers appearing in the case, that the entry that the judgment was rendered on the eleventh day of July is a mere clerical error. The court below was fully warranted in so considering it, and we shall so regard it. The court, therefore, did not err in refusing a rule to amend the return in this respect.

(b.) The next point upon which the defendant desired an amended return was as to when plaintiff introduced his testi-

mony, and whether any one representing defendant was present.

The defendant being in. default, its only right was to appear and cross-examine the plaintiff's witnesses. Code, § § 2873 and 3516. The docket entry shows that the defendant's agent was present when judgment was entered. It is not claimed that he asked to be allowed to cross-examine the plaintiff's witnesses, nor that he insisted that they should be examined in his presence to give him an opportunity to cross-examine. It is, therefore, immaterial when the witnesses of the plaintiff were examined, and whether or not any one representing the defendant was present.

(c.) The next question upon which an amended return is asked, is as to the circumstances of the agent's confession of judgment for $11.35. As the court rendered judgment for more than the agent confessed, the circumstances of the confession are immaterial.

(d.) The next point upon which an amended return is desired is as to the truth of the matters set forth in the second and third sub-divisions of the affidavit for writ of error.

It appears from the affidavit in support of the motion to set aside the default, as well as from the entire case, that the justice did not agree to hold the case open for any particular time. The agreement to hold the case open at all was mere matter of grace, and the agreement was reasonably complied with by holding the case open from Saturday until eight o'clock on Monday morning. It is evident from the whole case that it was expected that defendant's agent would communicate with the general solicitor through the telegraph, and that but a short time would be necessary for that purpose. It follows that, if the return should show the truth of the facts stated in the second and third sub-divisions for writ of error, it would not show any illegality in the justice's action. The defendant, therefore, was not prejudiced by the overruling of the motion for an amended return.

II. The motion for a rule upon the justice for an amended

return being properly overruled, it follows that the return of the justice made a sufficient answer to the facts alleged in the affidavit for a writ of error; or, at least, that there is no defect in the return of which the defendants can now complain.

III.   The return does not show any illegality in the proceedings of the justice, nor that he committed any error in rendering judgment for the defendant.   The judgment of the court below is

ＡＦＦＩＲＭＥＤ.